MINORA, J.,
Before the court is Dr. Richard Silbert’s and Behavioral Healthcare Center, RC.’s *236 (hereinafter “defendants”) motion for summary judgment. Oral argument was held on December 16, 2014. This matter is therefore ripe for disposition. For the reasons that follow, defendants’ motion for summary judgment is denied.
FACTUAL AND PROCEDURAL HISTORY
I. Factual History
On September 18, 2000, Debbie Rarrick (hereinafter “plaintiff’), along with minor-plaintiffs Jonothan and Ben Rarrick, were making preparations to move out of the family home the following day due to the rapid decline in marital and familial harmony resulting from Gerald Rarrick Jr.’s deteriorated mental state.
With Gerald Rarrick Jr. referencing “guns” and “killing” and specifically threatening plaintiff and having concern about the emotional impact of the family’s move on Gerald Rarrick Jr., plaintiff phoned defendant Silbert on multiple occasions to alert him regarding her concern about her husband’s change in behavior and the upcoming event. Gerald Rarrick Jr.’s father also called defendant Silbert to separately voice his concerns over his son’s unstable behavior.
On September 19,2000, while plaintiff and her mother awaited the moving van, Gerald Rarrick Jr. entered the kitchen brandishing a shotgun. After firing a shot into the wall and threatening plaintiff, Gerald Rarrick Jr. tried to force the two women into the living room area. While relocating from the kitchen to the living room area, the plaintiff’s mother fled and escaped to try and get help from the authorities. Plaintiff attempted to call 911 several times, but Gerald Rarrick Jr., with his shotgun, prevented *237 her efforts. Plaintiff then attempted to escape by running out of the house through the back door. Gerald Rarrick Jr. chased her, grabbed her and forced her back into the house at gun point.
Shortly thereafter Gerald Rarrick Jr.’s father, Mr. Gerald Rarrick, Sr., arrived at the house and was taken hostage along with plaintiff. After negotiations with the police, the ordeal ended with Gerald Rarrick Jr. leaving the home in police custody.
Plaintiff’s complaint alleges that defendant Silbert was negligent in that he knew or should have known of the clear and present danger his patient, Gerald Rarrick Jr., presented to plaintiffs and that defendant Silbert failed to take any action to defuse the situation.
II. Procedural History
This medical malpractice action was initiated by plaintiffs on September 16,2002 by the filing of a praecipe for writ of summons. On December 24,2003 plaintiff filed the initial complaint. On January 9,2004, defendants filed their preliminary objections to plaintiffs’ complaint, and on March 11, 2004 this court entered an order granting defendants’ preliminary objections. On March 24, 2004, plaintiffs filed a motion for reconsideration of this court’s order granting defendants’ preliminary objections, and on December 16, 2005 this court again entered an order granting defendants’ preliminary objections.
On January 17, 2006, plaintiffs filed their amended complaint. On June 23, 2006, defendants filed their answer and new matter to plaintiffs’ amended complaint. Various discovery was conducted from November 30, 2007 to February 24, 2013. Defendants’ current motion *238 for summary judgment was filed on November 6, 2008, and plaintiffs filed their response on February 20, 2009. On March 17,2009, this court entered an order continuing defendants’ motion for summary judgment because discovery had not yet concluded. Oral argument has now been held and this matter is now in a suitable position for disposition.
LEGAL ARGUMENTS OF THE PARTIES
I. Defendants’Argument
Defendants argue they are entitled to summary judgment as a matter of law because Pennsylvania law-“does not recognize a duty by mental health providers to protect unidentified third parties from the actions of mental health patients.” See defendants’ brief in support of motion for summary judgment, at 4. Next, defendants argue they are entitled to summary judgment “because the plaintiff cannot show ‘gross negligence’ on the party of the defendants under the Mental Health Procedures Act.” Id., at 6. In their final argument, defendants contend they are “entitled to summary judgment as a matter of law because the plaintiffs have failed to product expert reports in accordance with Pa. R.C.P. 1042.28.” Id., at 10.
II. Plaintiffs’Argument
In their reply brief, plaintiffs first argue that “defendants stood in a special relationship to the [plaintiff] which entitled her to a right of protection,” and defendants had a “medical professional duty to warn [plaintiff] of the potential harm from her husband.” See plaintiffs’ reply to defendants’ motion for summary judgment, at 33. Next, plaintiffs argue “[s]ummary judgment is not appropriate where there are genuine issues of material fact as to whether the *239 factual allegations in the case constitute gross negligence, particularly, where the sworn deposition testimony of the treating psychiatrist has not been able to be taken nor had the patient’s records been able to be produced to date.” Id., at 41. Lastly, plaintiffs “concede that they have not produced an expert report under Pennsylvania Rule of Civil Procedure 1042.28 within the required one hundred eighty days.” Id. However, plaintiffs contend “[t]he only reason such an expert report has not been produced to date is because the plaintiffs have been unable to compel the defendants to produce [defendant Silbert’s] records in this case and/or obtain an authorization from Mr. Rarrick given his continued decompensated state.” Id., at 41-42.
LEGAL STANDARD
Summary Judgment
A motion for summary judgment is governed by Pennsylvania Rule of Civil Procedure 1035.2, which provides:
After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law:
(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or
(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the *240 cause of action or defense which in a jury trial would require the issues to be submitted to a jury.
Pa. R.C.P. 1035.2. “Summary judgment is properly entered where the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, demonstrate that no genuine, triable issue of fact exists and that the moving party is entitled to judgment as a matter of law.” Singnorile v. Fernwood Hotel & Resort, 2014 WL 6755312,1.
“Summary judgment may be granted only in cases where the right is clear and free from doubt.” Id. The moving party bears the burden of demonstrating there are no genuine issues of material fact. Id.; Stimmler v. Chestnut Hill Hosp., 602 Pa. 539, 554, 981 A.2d 145, 154 (2009); Abrams v. Pneumo Abex Corp., 2007 Pa. Super. 383, 939 A.2d 388, 390 (2007) rev’d on other grounds, 602 Pa. 627, 981 A.2d 198, 201 (2009); Jones v. Levin, 2007 Pa. Super. 412, 940 A.2d 451, 453 (2007). “All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.” Singnorile, 2014 WL 6755312, 1. In response, the non-moving party may not rest upon the pleadings, but must set forth specific facts demonstrating a genuine issue for trial. Id.; Pa.R.C.P. 1035.3(a); DeSantis v. Frick Co., 1999 Pa. Super. 329, 745 A.2d 624, 625 (1999) (internal citations omitted) (emphasis added). “A general denial is unacceptable and deemed an admission where it is clear that the defendant has adequate knowledge and that the means of information are within the control of the defendant.” Singnorile, 2014 WL 6755312, 1.
Duty of Mental Health Providers to Third Parties
Under the Restatement of Torts, there is generally no *241 duty to control the conduct of a third person as to prevent him from causing physical harm to another unless a special relationship exists. Restatement (Second) of Torts §315. However, a mental health professional may have the duty to protect by warning a third party of potential harm. Swisher v. Pitz, 868 A.2d 1228, 1232 (Pa. Super. 2005); Emerich v. Philadelphia Center for Human Development, Inc., 554 Pa. 209, 224, 720 A.2d 1032, 1040 (1998). “[A] mental health professional who determines, or under the standards of the mental health profession, should have determined, that his patient presents a serious danger of violence to another, bears a duty to exercise reasonable care to protect by warning the intended victim against such danger.” Swisher, 868 A.2d at 1231-1232 (quoting Emerich, 554 Pa. at 224-225, 720 A.2d at 1040). The circumstances in which a mental professional has a duty to protect by warning a third party of potential harm are “extremely limited.” Id., at 1232. “[A] duty to warn in this context exists only where a specific and immediate threat of serious bodily injury has been conveyed by the patient to the professional regarding a specifically identified or readily identifiable victim.” Id. (emphasis added).
Gross Negligence and the Mental Health Procedures Act
The Mental Health Procedures Act provides in relevant part:
In the absence of willful misconduct or gross negligence, a county administrator, a director of a facility, a physician, a peace officer or any other authorized person who participates in a decision that a person be examined or treated under this act, or that a person be discharged, or placed under partial hospitalization, *242 outpatient care or leave of absence, or that the restraint upon such person be otherwise reduced, or a county administrator or other authorized person who denies an application for voluntary treatment or for involuntary emergency examination and treatment, shall not be civilly or criminally liable for such decision or for any of its consequences.
50 P.S. § 7114(a). Therefore, a physician, including mental health doctors, cannot be held liable unless gross negligence is found. “[G]ross negligence is a form of negligence where the facts support substantially more than ordinary carelessness, inadvertence, laxity, or indifference. The behavior of the defendant must be flagrant, grossly deviating from the ordinary standard of care.” Potts v. Step by Step, Inc., 26 A.3d 1115, 1119 (Pa. Super. 2011) (quoting Albright v. Abington Memorial Hosp., 548 Pa. 268, 277, 696 A.2d 1159, 1164 (1997). “While it is generally true that the issue of whether a given set of facts satisfies the definition of gross negligence is a question of fact to be determined by a jury, a court may take the issue from a jury, and decide the issue as a matter of law, if the conduct in question falls short of gross negligence, the case is entirely free from doubt, and no reasonable jury could find gross negligence.” Downey v. Crozer-Chester Medical Center, 817 A.2d 517, 525-526 (Pa. Super. 2003) (quoting Albright, 548 Pa. at 278, 696 A.2d at 1164).
Production of Expert Reports
Pennsylvania Rule of Civil Procedure 1042.28 states:
(a)(1) A defendant against whom a claim of professional negligence has been made may serve on a plaintiff making that claim a defendant’s request to plaintiff *243 for production of expert reports. The request shall be substantially in the form prescribed by Rule 1042.36.
(2) The defendant’s request may be served not earlier than ninety days after the defendant filed its original answer to the plaintiff’s complaint.
(b) A plaintiff to whom a request has been made under subdivision (a) shall, within one hundred eighty days after service of the request, furnish to the requesting party expert reports summarizing the expert testimony that will be offered by that plaintiff to support the claims of professional negligence made by that plaintiff against the requesting party.
Pa. R.C.P. 1042.28.
The consequences of failing to produce an expert report as requested is outlined in Pennsylvania Rule of Civil Procedure 1042.31, which provides:
(a) A party who has not received an expert report required to be produced under these rules may upon motion obtain a court order compelling the production of the report. In ruling on the motion, the court shall consider the complexity of the case, the diligence of the parties in making and responding to discovery requests, and other relevant factors. A party who has proceeded with reasonable diligence shall be given a reasonable time in which to complete necessary discovery and to produce an expert report.
(b) A court may impose sanctions for non-compliance with an order entered pursuant to subdivision (a) including, where appropriate, an order barring a party from introducing expert testimony.
*244 (c) A court shall promptly consider a motion for summary judgment which is based solely on a court order entered pursuant to subdivision (b), barring a party from introducing expert testimony.
Pa. R.C.P. 1042.31. However, a note to Rule 1042.31 states that “a party who has acted diligently should not be required to produce expert reports if discovery of significant information has not been completed because of difficulty obtaining discovery from other parties.” Id.
LEGAL ANALYSIS
Defendant Silbert’s Duty to Plaintiffs
Defendant Silbert was the psychiatric doctor to plaintiff’s former husband, Gerald Rarrick Jr. While a psychiatrist or psychologist generally owes no duty to third parties, the duty to protect by warning a third party of potential harm may arise where a patient communicates a specific and immediate threat of serious bodily injury against a specifically identified or readily identifiable third party victim. Swisher, 868 A.2d at 1232 (emphasis added). Plaintiffs claim that the circumstances necessitating the duty to warn plaintiffs were present because plaintiff Debbie Rarrick and Gerald Rarrick Jr.’s father communicated to defendant Silbert that there was a specific and immediate threat of serious bodily harm to plaintiffs. See plaintiffs’ reply to defendants’ motion for summary judgment, at 10. Plaintiffs also argue that defendant Silbert was aware that Gerald had guns, that plaintiffs were going to depart from the family home and that Gerald’s mental state was decompensating rapidly. Id. None of these factors, however, give rise to defendant Silbert’s duty to warn our plaintiffs. Since plaintiffs are third parties, defendant Silbert would only owe them a duty *245 to warn if Gerald Rarrick Jr., the patient, communicated to his treating professional a specific and immediate threat of serious bodily injury specifically against plaintiffs. Nothing in the record reflects that essential patient communication from patient Gerald Rarrick Jr. directly to defendant Silbert. Lacking the essential facts needed, we find that plaintiffs’ argument fails to create a duty for defendant Silbert to notify third party plaintiffs. Accordingly, defendant Silbert did not owe a duty to third party plaintiffs per Restatement (Second) of Torts §315 and Swisher, 868 A.2d at 1231-1232.
Gross Negligence and the Mental Health Procedures Act
The Mental Health Procedures Act provides that no physician shall be held civilly or criminally liable absent willful misconduct or gross negligence. 50 P.S. § 7114. Therefore, defendant Silbert can only be held liable if his actions are found to constitute gross negligence or willful misconduct. Pennsylvania case law has defined gross negligence as negligence where the facts support substantially more than ordinary carelessness, inadvertence, laxity, or indifference. See Potts, 26 A.3d at 1119. Plaintiffs argue that “[ejvidence via deposition of the gross nature of the negligence involved is the fact that the defendants were advised ... by [plaintiff] of her husband’s bizarre and frightening behavior, reference to guns and killing and his intense focus, paranoia, hatred and threats toward his wife.” See plaintiffs reply to defendants’ motion for summary judgment, at 39. Plaintiffs argue defendants were also contacted by Gerald Rarrick’s father, Gerald Rarrick Sr., giving defendant Silbert further cause to act on information from another credible source. Id. Plaintiffs further argue “[t]o not take some action to intervene...goes *246 well beyond ordinary negligence into the realm of flagrant and gross negligence.” Id.
In the present case, We find that the evidence is not entirely free from doubt and a reasonable jury could conceivably find gross negligence on the part of defendant Silbert. The record reflects that plaintiff telephoned defendant Silbert on multiple occasions to voice her concerns about her husband’s erratic behavior. Not only did plaintiff telephone defendant Silbert, but Gerald Rarrick’s father, Gerald Rarrick Sr., also called defendant Silbert separately concerning his son’s behavior. Plaintiff also called defendant Silbert to voice her concerns regarding the impact of the September 18, 2000 move on Gerald Rarrick. Furthermore, defendant Silbert was aware of Gerald Rarrick’s fragile psychological state coupled with his possession of guns and various hunting rifles. Since this evidence is not entirely free from doubt, Stimulier, 602 Pa. at 554, 981 A.2d at 390, and all doubts are to be resolved against the moving party, Singnorile, 2014 WL 6755312, 1, it remains a question of fact to be determined by a jury whether the defendant’s actions rise to the definition of willful misconduct or gross negligence.
Plaintiff’s Failure to Produce Expert Reports
While defendants rely on Pa. R.C.P. 1042.28 in support of their argument that they are entitled to summary judgment because the plaintiffs have failed to produce expert reports, this argument must fail. Pa. R.C.P. 1042.28 was adopted, immediately effective, on March 29, 2004. Pa. R.C.P. 1042.31 was also adopted, immediately effective, on March 29, 2004. This case was initiated via praecipe for writ of summons on September 16, 2002, and the underlying incident occurred on September 18, *247 2000. Since the underlying incident predates both Pa. R.C.P. 1042.28 and Pa. R.C.P. 1042.31, these Rules of Civil Procedure cannot apply to the current case due to the adoption of the two rules occurring subsequent to our events and complaint.
For the sake of clarity, even if these rules were effective when the September 18, 2000 incident took place, defendants’ argument would also fail on the merits. On November 29, 2007 the defendants requested production of plaintiffs’ expert reports. Defendants allege, and plaintiffs concede, that plaintiffs failed to produce the requested expert reports within the required one hundred eighty (180) days required under Pa.R.C.P. 1042.28. The record is not clear as to why plaintiffs failed to produce said reports, from a standpoint as to the rules applicability. Plaintiffs argue, however, that their failure to produce the expert reports was because they were unable to compel the defendants to produce defendant Silbert’s records or obtain authorization from Gerald Rarrick Jr. for release of the records. See plaintiffs reply to defendants’ motion for summary judgment, at 41-42. However, the record reflects that on February 24, 2014, special trial master Burke issued an order granting plaintiffs motion to compel the deposition of defendant Silbert, limiting the deposition to those statements made to the patient in the presence of non-attorney third parties. See February 24, 2014 order of STM Burke.
The defendants argue that summary judgment is appropriate because of plaintiffs’ failure to produce expert reports in accordance with Pa. R.C.P. 1042.28. Pa. R.C.P. 1042.31(a) permits a party who has not received an expert report to obtain a court order compelling the production of the report. While Pa. R.C.P. 1042.31 further outlines *248 the various steps a party can take following the failure to produce an expert report, this statute does not apply because defendants did not seek sanctions following plaintiffs’ failure to produce the reports. There is no law that requires summary judgment because of a party’s failure to produce expert reports in accordance with Pa. R.C.P. 1042.28, and the aggrieved party does not pursue its remedies.
We find there is a genuine issue of material fact as to whether defendant Silbert owed plaintiffs a duty of care under Pennsylvania law, rendering summary judgment inappropriate. Under the Mental Health Procedures Act, a physician shall be held liable if willful misconduct or gross negligence is found. 50 P.S. § 7114. In our case, plaintiff and her father-in-law separately telephoned and spoke with defendant Silbert to voice their concerns about Gerald Rarrick’s deteriorating mental state. We find that a jury should be allowed to determine whether defendant Silbert’s actions rise to the level of willful misconduct or gross negligence to find him liable in the underlying case. Therefore, defendants’ motion for summary judgment is denied. An appropriate order follows.
ORDER
And now, this 24th day of March 2015, upon consideration of the motions, responsive pleadings and briefs and the able verbal and written arguments of counsel for the parties regarding defendants’ motion for summary judgment, it is hereby ordered and decreed that defendants’ motion for summary judgment is denied.